CFK

#400

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MORGAN STANLEY SMITH BARNEY LLC,  )
                                                               )

        Plaintiff,                          )

v.                                                   )   Civil Action No.

JULIE KNIGHT,      FILED   )   5:19-cv-1933-CFK

                           MAY 03 2019  )

        Defendant. KATE BARKMAN, Clerk )

                       By_____ Dep. Clerk )

## COMPLAINT

1. Morgan Stanley Smith Barney LLC (hereinafter "Morgan Stanley"), by its undersigned attorneys, hereby brings the following Complaint for injunctive relief against the Defendant pending an arbitration hearing before the Financial Industry Regulatory Authority, Inc. ("FINRA").

2. Morgan Stanley seeks a temporary restraining order and a preliminary injunction to enforce the Defendant's confidentiality and non-solicitation obligations contained in her "Financial Advisor Employment Agreement" (the "Agreement"), a copy of which is attached as Exhibit "A" hereto, as well as to protect its rights under the Pennsylvania Trade Secrets Act.

3. Morgan Stanley is filing, simultaneously with the filing of this action, an arbitration against the Defendant before FINRA Dispute Resolution. FINRA's Code of Arbitration Procedure requires parties seeking interim injunctive relief to do so from a court of competent jurisdiction and, upon entry of an order by a court, FINRA will schedule an expedited hearing on the request for a permanent injunction within fifteen days.

## I. PARTIES

4. Morgan Stanley is a broker-dealer and a member of FINRA.

5.  Defendant formerly was employed by Morgan Stanley as a financial advisor in its Allentown, Pennsylvania office.

## II. JURISDICTION AND VENUE

6.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.  The Plaintiff is a limited liability company incorporated in Delaware with its principal place of business in the State of New York. Morgan Stanley's sole member is Morgan Stanley Domestic Holdings, Inc. ("MSDHI"), a corporation wholly-owned by Morgan Stanley Capital Management, LLC ("MSCM"), a limited liability company whose sole member is parent Morgan Stanley. The Plaintiff in this matter, as well as MSDHI, MSCM, and parent Morgan Stanley, all are incorporated in Delaware with its principal place of business in New York.

8.  Defendant is a citizen of the Commonwealth of Pennsylvania.

9.  Venue is proper in this Court under 28 U.S.C. § 1391 as the Defendant resides in this judicial district and the conduct complained of also occurred in this judicial district.

## III. FACTS COMMON TO ALL COUNTS

10. Morgan Stanley is engaged in the business of, *inter alia*, providing investment services to the public at large.

11. In 2010, the Defendant signed the Agreement which includes the Defendant's promises not to use, disclose, or retain any confidential information following the termination of her employment and not to solicit clients for one year following the termination of

her employment. (*See* Exhibit A at pages 1-2, ¶¶ 2-3).

12. In the Agreement, the Defendant also consented to the entry of a temporary restraining order and preliminary injunctive relief in the event she breached her confidentiality or non-solicitation covenants. (*Id.* at page 2, ¶ 4).

13. The Defendant resigned on April 26, 2019 to join a competing firm, Janney Montgomery Scott LLC ("Janney"), in a nearby office. Based on prior deals paid by Janney and other securities firms, Morgan Stanley has reason to believe the Defendant received financial inducements totaling over $1 million, including an upfront forgivable loan and asset and/or production bonuses.

14. As set forth in the accompanying Affidavit of Adrianne Fox (at ¶ 4), who was the Defendant's assistant, client files previously maintained in the Defendant's office are gone. The original client documents the Defendant previously maintained in these files include handwritten notes of the Defendant's conversations with clients and account statements provided by the clients showing their assets held at other firms, and are highly confidential in nature. In addition, customer contact information was maintained in these files.

15. There was no legitimate reason for destroying all of the information contained in these client files. As further set forth in the Affidavit of Adrianne Fox (at ¶ 5), much of the information contained in these files was current and would be useful in transferring the business to the Defendant's new firm. In addition, the information contained in these client files would have been useful to Morgan Stanley in trying to service these clients following the Defendant's departure.

16. As set forth in the Affidavit of Michael Malz, the Defendant's former team member, the Defendant also is actively soliciting Morgan Stanley clients to move their accounts

to Janney.

## COUNT I
## INJUNCTIVE RELIEF

17.     The allegations of Paragraphs 1 through 16 are incorporated by reference herein with the same force and effect as if set forth in full below.

18.     By virtue of the foregoing, Morgan Stanley has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of a temporary restraining order and preliminary injunction against the Defendant.

19.     The Defendant expressly agreed to a temporary restraining order and a preliminary injunction to enforce her confidentiality and non-solicitation covenants. (*See* Exhibit "A" at ¶ 4).

20.     Unless the Defendant is immediately enjoined from violating the terms of her Agreement, Morgan Stanley will be irreparably harmed by:

(a) Loss of clients, damage to office stability, and a threat to the

enforcement of reasonable contracts; and

(b) Present economic loss, which is unascertainable at this time, and

future economic loss, which is presently incalculable.

21.     Morgan Stanley has no adequate remedy at law.

WHEREFORE, Morgan Stanley respectfully requests that:

(a)     A Temporary Restraining Order and/or Preliminary Injunction issue immediately, enjoining the Defendant, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Janney, from:

>  (i)     Soliciting the business of any customers of Morgan Stanley
> 
>  whom the Defendant serviced, or whose names became known to

the Defendant while in the employ of Morgan Stanley or as a result of her employment with Morgan Stanley, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which Morgan Stanley or any of its affiliates is engaged (excluding members of the Defendant's family);

(ii) Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(iii) Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information; and

(iv) Any other such acts as this Court deems appropriate for injunctive relief.

## COUNT II
## BREACH OF CONTRACT

22. The allegations of Paragraphs 1 through 21 are incorporated herein by reference with the same force and effect as if set forth in full below.

23. Upon information and belief, the Defendant has violated the provisions of her Agreement attached as Exhibit A hereto.

24. As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

## COUNT III
## TRADE SECRET MIAPPROPRIATION

25. The allegations of Paragraphs 1 through 24 are incorporated herein by reference with the same force and effect as if set forth in full below.

26. Upon information and belief, the Defendant has misappropriated Morgan Stanley's trade secret property.

27. As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, by virtue of the foregoing acts, Morgan Stanley demands judgment in its favor and against the Defendant for a temporary restraining order and/or preliminary injunctive relief pending expedited arbitration hearings on the merits before a duly appointed panel of arbitrators to be held pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure.

/s/ Christopher C. Coss
Christopher C. Coss, Esq.
PA Bar No. 55558
Thomas J. Momjian, Esq.
PA Bar No. 65977
Coss & Momjian, LLP
111 Presidential Blvd., Suite 214
Bala Cynwyd, PA 19004
(610) 667-6800
(610) 667-6620 (Fax)
ccc@cossmomjian.com
*Attorneys for Plaintiff*

Dated: May 3, 2019

**EXHIBIT A**

*MORGAN STANLEY SMITH BARNEY LLC*        *FINANCIAL ADVISOR EMPLOYMENT AGREEMENT*

This agreement ("Agreement") is made between Morgan Stanley Smith Barney LLC ("MSSB" or "Firm") and Julie Westbrooks

In consideration of your compensation and employment by MSSB as a Financial Advisor and/or Financial Advisor Associate, and for other good and valuable consideration, you hereby agree as follows:

1. **AT-WILL EMPLOYMENT AND TERMINATION**

    Nothing in this Agreement is a promise of employment for a fixed term. Your employment by MSSB is strictly at-will and may be terminated by either party, for any reason or for no reason, at any time, with or without notice, and with or without cause. As used in this Agreement or Addendum, "termination" means the end of your employment regardless of the circumstances and includes, but is not limited to, (1) voluntary or involuntary resignation, (2) retirement, (3) release due to a reduction in force or closing of a branch office, or (4) discharge by MSSB. ___ (EMPLOYEE INITIALS)

2. **TRADE SECRETS AND OTHER CONFIDENTIAL INFORMATION**

    2.1  In the course of your employment with MSSB, you will have access to information that has been acquired by expenditures of time, effort, and money by MSSB and its affiliates, and which is valuable and proprietary to MSSB because, among other reasons, this information it is not known by, or available to, the general public or persons or entities other than in the ordinary course of conducting business for MSSB and its affiliates. This information includes, but is not limited to: (a) customer files, lists, and holding pages; (b) the names, addresses, telephone numbers, and assets and obligations carried in the accounts of MSSB's customers; (c) MSSB's customer account histories and customer risk profiles; (d) computer software or hardware developed for use in MSSB's business; (e) all training material forwarded to you during your employment (including but not limited to books, papers, records, videotapes and recordings); (f) documents or computer programs prepared or generated by you, if any, using MSSB's confidential records or information; (g) MSSB's business or marketing plans and strategies; (h) other information or materials subject to intellectual property protection that are confidential; and, (i) any other information that constitutes confidential or trade secret information as defined by law. You may also have access to proprietary, private, or privileged information concerning MSSB's customers or employees. All of the above described information and documents are hereinafter collectively referred to as Trade Secrets ("Trade Secrets"). You acknowledge and agree that these Trade Secrets are unique, cannot lawfully be easily duplicated or acquired, and that MSSB views these Trade Secrets as highly confidential and takes all reasonable measures to maintain their confidentiality and secrecy. ___ (EMPLOYEE INITIALS)

    2.2  In the course of your employment with MSSB, you will also have access to records, documents, and information concerning the business and affairs of MSSB and its employees (hereinafter "Company Records") that are and will always be the confidential and exclusive property of MSSB. Company Records include, but are not limited to, MSSB's books and records and excerpts or derivations thereof. Company Records also include information and documents described as Confidential Information in Paragraph 2.1 above. Company Records include the originals and all copies thereof (whether in hard copy, computerized, or any other form). ___ (EMPLOYEE INITIALS)

    2.3  You agree that, during the course of your employment with MSSB or otherwise, you will not remove Trade Secrets or other Company Records from the premises of MSSB in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, MSSB. You also agree that you will not use Trade Secrets or other Company Records for any purpose other than the purpose of conducting the business of MSSB. You further agree that: (a) your use of Trade Secrets and other Company Records will stop immediately upon the suspension or termination of your employment relationship with MSSB; (b) you will immediately deliver to MSSB, at the time of suspension or termination of your employment or at any other time upon MSSB's request, any Trade Secrets or other Company Records in your possession or control; and, (c) you will permit MSSB to inspect, prior to removal, any materials you intend to take from MSSB offices when your employment with MSSB is suspended or terminated. ___ (EMPLOYEE INITIALS)

    2.4  You agree that, both during and subsequent to your employment with MSSB, you will not disclose to any person or entity the contents, in whole or in part, of any Trade Secrets or Company Records, except in the ordinary course of conducting business for MSSB. ___ (EMPLOYEE INITIALS)

    2.5  You will not, at any time assert any claim of ownership or other property interest in any Trade Secrets or other Company Records. ___ (EMPLOYEE INITIALS)

    2.6  If you create, contribute to, or conceive any copyrightable or patentable work within the scope of your employment at MSSB, MSSB may assert that such work is a "work-made-for-hire," and you agree that,

upon MSSB's assertion that a work is a "work-made-for-hire," MSSB shall own all such rights in the copyrightable or patentable work. This provision does not apply to an invention which qualifies fully under the provisions of California Labor Code Section 2870. ___(EMPLOYEE INITIALS)

3. **UNFAIR COMPETITION**

   3.1 You acknowledge and agree that the training, resources, goodwill and reputation of MSSB are material factors in your ability to develop and service MSSB's customers, and that all customers serviced by you on behalf of MSSB are customers of MSSB. ___(EMPLOYEE INITIALS)

   3.2 For a period of one year following termination of your employment for any reason, you will not solicit or attempt to solicit, directly or indirectly, any of MSSB's customers who were serviced by you, or whose names became known to you, while in the employ of MSSB or as a result of your employment with MSSB, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which MSSB or any of its affiliates is engaged. For purposes of this provision, the term "solicit" includes initiation of any contact with customers for the purpose of conducting business with or transferring accounts to any other person or firm that does business in any line of business in which MSSB or any of its affiliates is engaged. These restrictions will not apply to your solicitation of customers that occurs in California so long as such solicitation does not involve your use of Trade Secrets or Company Records. ___(EMPLOYEE INITIALS)

   3.3 For a period of one year following termination of your employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of MSSB for employment or other business relationship with any other organization that does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which MSSB or any of its affiliates is engaged. ___(EMPLOYEE INITIALS)

4. **RIGHT TO INJUNCTION**

   4.1 In the event you breach any of your obligations concerning Trade Secrets, Company Records, and other confidential information or "Unfair Competition" contained in paragraphs 2 or 3 of this Agreement, you agree that MSSB will be entitled to appropriate injunctive relief. You understand and agree that MSSB will suffer immediate and irreparable harm and that money damages will not be adequate to compensate MSSB or to protect and preserve the status quo pending arbitration (as provided for in paragraph 7 of this Agreement) Therefore, YOU CONSENT TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY OR PERMANENT INJUNCTION ordering:

   (a) that you immediately return to MSSB all Trade Secrets and Company Records, whether original, duplicated, computerized, handwritten, or in any other form whatsoever, and that you be enjoined and restrained from using or disclosing any information contained in such materials; ___(EMPLOYEE INITIALS)

   (b) that, for a period of one year following the termination of your employment, you be enjoined and restrained from soliciting or attempting to solicit, directly or indirectly, any of MSSB's customers who were serviced by you, or whose names became known to you, while in the employ of MSSB, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which MSSB or any of its affiliates is engaged; ___(EMPLOYEE INITIALS)

   (c) that, for a period of one year following termination of employment for any reason, you will not, directly or indirectly, recruit or solicit any employee of MSSB for employment or other business relationship with any other organization that does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds, or any other line of business in which MSSB or any of its affiliates is engaged. ___(EMPLOYEE INITIALS)

   4.2 You and MSSB have the right to apply to a court of competent jurisdiction for an injunction or other provisional relief in aid of arbitration, including upon the grounds set forth in California Code of Civil Procedure Section 1281.8 (where applicable) You agree that your or MSSB's application to any court for an injunction for other provisional relief will not constitute a waiver by you or MSSB of the right to arbitration as provided for in paragraph 7.1 of this Agreement, and that any hearing on the merits in such dispute shall be conducted in arbitration. If, after issuance of a temporary restraining order or preliminary injunction, the parties proceed to arbitration, you agree to consent to expedited hearing procedures for such arbitration. You further agree that any injunction or provisional order shall stay in full force and effect until a panel of arbitrators renders a full and final decision on the merits. ___(EMPLOYEE INITIALS)

5. **ADHERENCE TO APPLICABLE LAWS AND POLICIES**

You agree to become familiar with and abide by the rules, regulations, and policies of MSSB, the Financial Industry Regulatory Authority, and any other securities and commodities exchanges of which MSSB is a member. You also agree to become familiar with and abide by any applicable state and federal securities laws and regulations. You also agree to the terms of the applicable compensation plan governing your employment, including any amendments made by MSSB to such plan. ___(EMPLOYEE INITIALS)

6. **HOLD HARMLESS**

   To the extent allowed by applicable law, you agree to indemnify MSSB for, and hold it harmless from, any and all losses or liabilities incurred by MSSB caused by (a) your violation of applicable state or federal laws, duties, rules, or regulations; (b) your violation of MSSB's policies; or (c) your breach of any of the provisions of this Agreement and any Addendum. Consistent with and to the extent permitted by applicable law, you authorize MSSB, with or without notice to you, to withhold amounts equal to any such losses or liabilities caused by your dishonest or willful act, or by your gross negligence, from amounts payable, due, or held in an account or otherwise for you, including, but not limited to, from any incentive compensation, bonuses, deferred, or other compensation (above minimum salary). ___(EMPLOYEE INITIALS)

7. **ARBITRATION**

   7.1  Any controversy or claim arising out of or relating to (i) your employment by MSSB (excluding statutory employment claims and other claims covered by Paragraph 7.2 below), or (ii) this Agreement and any Addendum (or its breach), will be settled by arbitration before the Financial Industry Regulatory Authority ("FINRA") in accordance with its rules, and judgment upon and award issued by the arbitrator(s) may be entered in any court having jurisdiction. Except as otherwise expressly agreed, any dispute as to the arbitrability of a particular issue or claim pursuant to this arbitration provision to be resolved in arbitration. This paragraph will not be deemed a waiver of your or MSSB's right to seek injunctive or other provisional relief from any court, to the extent allowed by applicable law ___(EMPLOYEE INITIALS)

   7.2  Notwithstanding the arbitration requirement of paragraph 7.1 above, you agree that certain other claims (including, but not limited to, statutory discrimination and other statutory employment claims) may be be submitted to the Firm's Alternate Dispute Resolution Program, "Convenient Access to Resolution for Employees" ("CARE"), or to the applicable administrative agency or court of law. Claims that may be submitted to CARE are recited in the CARE Guidebook maintained by the CARE Program Administrator's Office and in the CARE Program explanatory brochure. ___(EMPLOYEE INITIALS)

8. **SUCCESSORS, ASSIGNS AND AFFILIATES**

   The benefits and obligations of this Agreement will run to the successors, affiliates and assigns of MSSB. ___ (EMPLOYEE INITIALS)

9. **GOVERNING LAW**

   This Agreement and any Addendum will be governed, construed and enforced in accordance with the laws of the state of New York. ___(EMPLOYEE INITIALS)

10. **WAIVER**

    MSSB's failure to enforce a breach of any covenant of this Agreement or any Addendum will not constitute a waiver of MSSB's right to enforce any other breach of the same or any other covenant. ___(EMPLOYEE INITIALS)

11. **SEVERABILITY**

    11.1  If any provision or portion of any provision of this Agreement or any Addendum is, for any reason, adjudged to be void, invalid or unenforceable by an arbitrator or arbitration panel, a regulatory body, or a court of contempt jurisdiction, the remainder of the Agreement and/or Addendum will remain in full force and effect. ___(EMPLOYEE INITIALS)

    11.2  If any of the covenants, including but not limited to restrictive covenants, contained in this Agreement or any part thereof are held to be unreasonable and/or unenforceable, the parties agree that the court or arbitrator(s) making such determination shall have the power to revise such provision(s), so as to render such provision(s) reasonable and enforceable, to the maximum extend permitted by law, upon which such provision(s) shall then be enforceable. ___(EMPLOYEE INITIALS)

12. **ATTORNEYS' FEES**

    In the event of a breach of any of the terms of this Agreement by you, you agree to pay all fees and costs, including reasonable attorneys' fees, incurred by MSSB in connection with the enforcement of this Agreement. ___ (EMPLOYEE INITIALS)

13. **ENTIRE AGREEMENT**

    This writing constitutes the entire agreement of the parties with respect to the subject matter recited in this Agreement. This Agreement may be amended only by a writing signed by both you and MSSB. ___(EMPLOYEE

INITIALS)

## 14. EMPLOYEE REPRESENTATION

You represent as follows:

I HAVE READ AND REVIEWED THIS EMPLOYMENT AGREEMENT IN ITS ENTIRETY. I HAVE BEEN GIVEN AN OPPORTUNITY TO ASK MSSB QUESTIONS ABOUT IT. I FULLY UNDERSTAND THE TERMS OF THIS DOCUMENT AND KNOWINGLY AND FREELY AGREE TO ABIDE BY THEM. MY INITIALS FOLLOWING THE ABOVE PROVISIONS INDICATE THAT I HAVE READ THEM. MY SIGNATURE BELOW INDICATES MY AGREEMENT TO ALL PROVISIONS HEREIN WHETHER OR NOT I HAVE INITIALED THEM.

Signed in the State of Pennsylvania

Employee's Signature        Date 04.21.10

MORGAN STANLEY SMITH BARNEY LLC

Branch Manager's Signature    Date 4/26/10

**MORGAN STANLEY SMITH BARNEY LLC**         **FINANCIAL ADVISOR ASSOCIATE ("FAA")**
                                            **ADDENDUM TO EMPLOYMENT AGREEMENT**

**PROGRAM REQUIREMENTS**

In addition, as a condition of continued employment, you will be required to satisfy all of the requirements of the FAA Training Program as set forth in the materials including but not limited to your obtaining all required licenses and registrations, your successful completion of the pre-production assessment and your achieving all target production thresholds within the stated timeframes. ___(EMPLOYEE INITIALS)

**REPAYMENT OF TRAINING COSTS**

In the event you voluntarily terminate your employment or are terminated by MSSB for cause, either of which occurs within three years from the date you sign the Financial Advisor Employment Agreement (the "Agreement"), you agree to pay to MSSB an amount that you agree represents a fair and reasonable calculation of the expense incurred by MSSB in training you, excluding any salary paid to you (hereinafter "training costs"), except where prohibited by local law. However, repayment of training costs will not be required of you in the event you leave MSSB and do not obtain employment elsewhere in the securities or commodities industries within three years of your termination of employment with MSSB. Training costs will be due and payable to MSSB immediately upon termination of your employment, subject to the following terms. ___(EMPLOYEE INITIALS)

(a) Should your employment terminate within six months of the date that you sign the Agreement, you shall be obligated to repay MSSB training costs in the amount of $75,000. ___(EMPLOYEE INITIALS)

(b) Should your employment terminate at any time after six months from the date you sign the Agreement, and within thirty-six months of the date you sign the Agreement, you shall be obligated to repay MSSB training costs in the amount of $50,000. However, from commencement of the seventh month from the date you sign the Agreement through the conclusion of the thirty-sixth month from the date you sign the Agreement, the $50,000 shall be reduced by $10,000 for each full six-month period that you continue to be employed by MSSB. Accordingly, your obligation to repay training costs shall be reduced by $10,000 at the conclusion of months twelve, eighteen, twenty-four, thirty, and thirty-six so that, at the completion of month thirty-six of employment, your obligation to repay training costs shall cease. There shall be no reduction of training costs owed for any partial six month period. ___(EMPLOYEE INITIALS)

The above training costs repayment obligations do not constitute liquidated damages for other breaches of the Agreement or losses suffered by MSSB. ___(EMPLOYEE INITIALS)

Signed in the State of _Pennsylvania_

_____   04.21.10
Employee's Signature             Date

**MORGAN STANLEY SMITH BARNEY LLC**

_____   4/26/10
Branch Manager's Signature       Date

Agreement and the FAA Addendum to Employment Agreement. A copy of these agreements, and other personnel forms that must be completed and brought with you on your first day of work, are enclosed in this packet.

In addition, as a condition of continued employment, you will be required to satisfy all of the requirements of the FAA Training Program as set forth in the FAA Training Program materials, including, but not limited to, your obtaining all required licenses and registrations, your successful completion of the pre-production assessment and your achieving all production thresholds within the stated timeframes.

You are expected to comply with all Firm policies and procedures and the Code of Conduct that may be in effect from time to time.

Nothing in this letter should be construed as a guarantee of any particular level of benefits, of your participation in any benefit plan, or of continued employment for any period of time. Your employment will be "at will", which means that either you or the Firm may terminate your employment for any or no reason, at any time. Morgan Stanley Smith Barney reserves the right to amend, modify or terminate, in its sole discretion, all benefit and compensation plans in effect from time-to-time.

This offer letter, together with the enclosed FAA Compensation & Performance Guide, the Financial Advisor Employment Agreement and the FAA Addendum to Employment Agreement, constitutes the entire understanding and contains a complete statement of all agreements between you and Morgan Stanley Smith Barney and supersedes all prior or contemporaneous verbal or written agreements, understandings or communications.

If there is any conflict between the benefit information included in this letter or any verbal representation and the plan documents or insurance contracts, the plan documents or insurance documents control.

Julie, we know you will find the business and training program to be both challenging and exciting, and look forward to your beginning a successful career at Morgan Stanley Smith Barney If you have any questions, please feel free to call me at +1 610 432-4311.

We ask that you confirm your acceptance by signing and dating this offer letter, the Financial Advisor Employment Agreement and the FAA Addendum to Employment Agreement. This employment offer will lapse unless you return the signed letter, Financial Advisor Employment Agreement and the FAA Addendum to Employment Agreement to me at 3500 Winchester Road - Suite 100, Allentown, PA 18104 within 5 days after you receive it. Your signature below confirms that you are not subject to any contractual or other restriction or obligation that is inconsistent with your accepting this offer of employment and performing your duties. Please retain the additional copy of this offer letter for your reference.

Very truly yours,

Mark Hovanic
Vice President

Offer Accepted and Agreed To:

Signed: _____

Dated: 04.21.10

JS 44 (Rev 06/17) ~~EDF~~ CFK   CIVIL COVER SHEET   5:19-cv-1933

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Morgan Stanley Smith Barney LLC

### DEFENDANTS
Julie Knight

**(b)** County of Residence of First Listed Plaintiff: New York, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Coss, Coss & Mowjin LLC
111 Presidential Blvd, Suite 219, Bala Cynwyd, PA 19004, 610-667-6800

Attorneys *(If Known)*
Christopher Stief

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Nonsolicitation and confidentiality covenants

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

MAY 3 2019

### VIII. RELATED CASE(S) IF ANY
N/A *(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 5-3-19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG JUDGE

CFK

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

5:19cv1933

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: New York, NY

Address of Defendant: 4732 Glenwood Circle, Emmaus, PA 18049

Place of Accident, Incident or Transaction: Allentown, PA

---

**RELATED CASE, IF ANY:** N/A

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5-3-19   _____   _____
                  Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☒ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher Cass, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 5-3-19   Christopher Cass   55558
                 Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

MAY - 3 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

CFK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Morgan Stanly Smith Barney LLC : CIVIL ACTION

v.

Julie Knight : NO. 5:19cv1933

(AR)

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                             ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.                  (X)

| 5-3-19 | Christopher Coss | Morgan Stanley |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 610-667-6800 | 610-667-6620 | ccc@cossmomjian.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

MAY - 3 2019